## THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. CO. *v.* NICHOLSON.

APPEARANCE.— *Waiver of Process.—Justice of Peace.—Jurisdiction.*—In an action commenced before a justice of the peace, over the subject-matter of which he has jurisdiction, a full appearance to the action by the defendant, both before the justice and in the circuit court on appeal, is a waiver of process or of any irregularity therein.

SAME.—*Irregularity in Justice's Transcript.*—Such appearance in the circuit court, without objection to the transcript of the justice, in relation to its recitals concerning the service of process, is a waiver of any objection thereto.

From the Montgomery Circuit Court.

*S. C. Willson* and *L. B. Willson*, for appellant.

*J. F. Thompson* and *J. M. Thompson*, for appellee.

NIBLACK, J.—Allen T. Nicholson sued the Louisville, New Albany and Chicago Railway Company, before a justice of the peace, for killing a hog, of the alleged value of $30, at a point where the defendant's road was not fenced.

There was service of the summons, by leaving a copy of it with one of the defendant's conductors. The parties appeared before the justice, and, upon a trial, there was a finding and judgment for the plaintiff for twenty-five dollars.

The defendant appealed to the circuit court, where the cause was again tried, resulting in a verdict and judgment for the plaintiff for sixteen dollars.

The objections urged to the proceedings below are:

1. That the transcript of the justice shows no sufficient service upon the defendant, under the statute, to confer jurisdiction on the justice; and,

2. That no copy of the summons appears in such transcript.

The defendant appeared to the action before the justice, without objection to the service of the summons, and went to trial on the merits of the action. That was a waiver of any irregularity that might have occurred in the service of the summons.

The justice in this case having jurisdiction of the subject-matter of the action by the statute, and the defendant having fully appeared to the action without objection, the jurisdiction of the justice over the defendant became complete, notwithstanding there may have been no service of a summons on the defendant at all.

For the same reason, after the appearance of the defendant before the justice, it became unnecessary to further notice the summons in the proceedings in the justice's court, or to set it out in the transcript.

The defendant again appeared to the action, in the cir-

cuit court, and proceeded with the trial of the cause, without objection to the transcript from the justice. That was a waiver of any objection that might have existed to the transcript. *Cromwell* v. *Baty,* 43 Ind. 357; *Buskirk* Prac. 287; *The Louisville, etc., R. W. Co.* v. *Stover,* 57 Ind. 559.

We see no error in the record.

The judgment is affirmed, at the costs of the appellant.