No. 8327.

SLAUTER v. HOLLOWELL.

APPEARANCE.—*Jurisdiction.*—*Abatement.*—After demurrer to a complaint, a plea in abatement questioning jurisdiction over the person will not be entertained, and a demurrer to such plea will be sustained.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellant.
*M. Milford*, for appellee.

BICKNELL, C. C.—Slauter filed a complaint for a review of a judgment obtained against him by Hollowell in the Warren Circuit Court.

The complaint alleged error of law appearing in the proceedings. A demurrer to the complaint, for want of sufficient facts, was sustained; Slauter excepted and appealed.

The only error assigned is that the court erred in sustaining said demurrer.

In the original action, the appellant filed a demurrer to the complaint, for want of sufficient facts, and said demurrer was overruled; the appellant then filed an answer in three paragraphs, to wit:

1st. The general denial.

2d. Payment.

3d. A verified plea in abatement, alleging that appellant was not a resident of Warren county, but had his residence

in Fountain county, Indiana; wherefore the court had no jurisdiction of his person.

A demurrer to this plea in abatement was sustained, and that ruling is the alleged error of law upon which the complaint for review is founded.

The appellant, having filed a demurrer in the court below, could not afterwards plead in abatement want of jurisdiction over the person; a demurrer is a full appearance to the action, and admits the jurisdiction of the court over the person. *Kegg* v. *Welden,* 10 Ind. 550; *Knight* v. *Low,* 15 Ind. 374; *City of Crawfordsville* v. *Hays,* 42 Ind. 200; *Louisville, etc., R. W. Co.* v. *Nicholson,* 60 Ind. 158. The ruling of the court below upon the demurrer to the plea in abatement was not erroneous, and, therefore, the demurrer to the complaint for review was rightly sustained. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—In this case the question is whether a plea to the jurisdiction of the court over the person can be tolerated, after a full appearance without objection, and after the determination of an issue of law by the court?

In other words, can a defendant, who has deliberately admitted the jurisdiction of the court over his person, deny it afterwards in the same suit?

There is no jurisdiction of the person of a defendant unless there be either process or a voluntary appearance. *Hawkins* v. *Hawkins,* 28 Ind. 66; *State* v. *Ennis,* 74 Ind. 17; *McCormack* v. *First Nat. Bank,* 53 Ind. 466.

A full appearance has always been held to admit the jurisdiction of the court over the defendant's person. It was so in England. *Humble* v. *Bland,* 6 T. R. 255. It was so in In-

diana before the code. *Shirley* v. *Hagar*, 3 Blackf. 225; *Lagow.* v. *Patterson*, 1 Blackf. 327; *Eldridge* v. *Folwell*, 3 Blackf. 207; *Lane* v. *Fox*, 8 Blackf. 58.

It is so in Indiana under the code. *McCarthy* v. *McCarthy*, 66 Ind. 128; *Louisville, etc., R. W. Co.* v. *Stover*, 57 Ind. 559; *Aurora Fire Insurance Co.* v. *Johnson*, 46 Ind. 315; *Free* v. *Haworth*, 19 Ind. 404; *Templeton* v. *Hunter*, 10 Ind. 380. In a very late, case, where, on complaint for review, the allegation was that there had been no service of the summons, but the record accompanying the complaint showed an appearance by defendant, it was held that such appearance controlled the averment of want of service. *State* v. *Holmes*, 69 Ind. 577. In *Collins* v. *Nichols*, 7 Ind. 447, which was an attachment on the ground of alleged non-residence, it was held that the defendant, after appearance and trial, could not show in any way that he was not a resident of the county when the writ was issued.

In *Louisville, etc., R. W. Co.* v. *Nicholson*, 60 Ind. 158, this court held, that the court having jurisdiction of the subject-matter, and the defendant having fully appeared without objection, the jurisdiction over the defendant became complete, without any service of process.

There is no hardship in the rule thus universally adhered to. The defendant has a remedy, if there be no jurisdiction of his person. He may appear specially and move to set aside the summons and service. *New Albany, etc., R. R. Co.* v. *Combs*, 13 Ind. 490. Such a limited appearance waives nothing, and enables him to make other proper motions. *Carson* v. *Steam Boat Talma*, 3 Ind. 194.

The position is, therefore, impregnable, that under the code, as well as before, a full appearance without objection admits the jurisdiction of the court over the defendant's person, as fully as an agreement in writing would do it. But a demurrer is a full appearance. There never was a time when a party would be permitted to appear specially, for the purpose of demurring; by demurring he demands the judgment of

the court upon a question of law, and can not be permitted afterwards to deny the jurisdiction over his person, which he has thus solemnly invoked.

The code has not changed the law in this respect. In *Kegg* v. *Welden*, 10 Ind. 550, decided in 1858, this court said: "It is insisted that the court had no jurisdiction of the person of said James. This is a mistake. There was full appearance made when the demurrer was filed."

So, in *Knight* v. *Low*, 15 Ind. 374, decided in 1860, a general demurrer to the complaint was overruled. The defendant then answered denying personal service of process. A demurrer to this answer had been sustained by the court below, and this court affirmed the judgment.

In *City of Crawfordsville* v. *Hays*, 42 Ind. 200, decided in 1873, the court held that the filing of demurrers to the complaint amounted to a full appearance to the action. In this case, as in the case at bar, the answer in abatement was filed after demurrers to the complaint had been overruled, and the court said there was no motion in the circuit court to quash or set aside the summons, or the service thereof. Conceding that a defect in the service of process is proper matter for an answer in abatement, still it can not be made available after there has been a full appearance to the action, as in this case. The foregoing cases show that under the decisions of this court, both before and since the adoption of the code, a full appearance by the defendant, without objection, admits the jurisdiction of the court over his person; and they also show that a demurrer to the complaint is a full appearance. But it is claimed that the code allows a defendant to deny jurisdiction over his person, after having admitted it.

The language of the statute is this: "When any of the matters enumerated in section fifty do not appear upon the face of the complaint, the objection (except for misjoinder of causes), may be taken by answer." Civil Code, section 54. One of the matters "enumerated in section fifty" is want of

jurisdiction of the court over the person. The rule is, that a statute shall not be construed so as to work injustice or inconsistency, but must have a reasonable construction in accordance with the intention of the Legislature, which will not be presumed to have intended that a party may solemnly admit the jurisdiction of the court over his person, and demand its judgment upon a question of law, and then, after a decision of the court against him, deny its jurisdiction over his person. It is suggested that the question to be determined in this case has never been decided in this State, or under any other code, but this is a mistake; the same question was expressly decided in *City of Crawfordsville* v. *Hays, supra.* It was there held that a plea in abatement, questioning the jurisdiction of the court over the defendant's person, can not be made available after a full appearance by demurrer. See also *Collins* v. *Nichols, supra,* and *Louisville, etc., R. W. Co.* v. *Nicholson, supra.* All of these cases were decided under the code.

It is suggested that unless the defendant may contest the jurisdiction of the court over his person after admitting it, he will lose some advantage given him by the statute, but the statute upon the question under examination makes no change as to the effect of admissions. It was the law before, that you could demur or plead but could not do both at once, and that after your demurrer was overruled you could plead " matter which did not appear upon the face of the complaint," but in the nature of things you could not deny jurisdiction over the person after having admitted it, and that rule governs the construction of the statute, just as it governed the former law which the statute substantially re-enacts.

It was always a question whether it would be better to plead or demur, and always, by adopting the one course, the party was compelled to forego some advantage which might be enjoyed, or incur some risk which might be avoided, by the other. Stephen Pl. 151.

The decisions of this court upon the point in question since

the adoption of our code, not only harmonize with the older decisions but they save all the defendant's essential rights.

He may appear specially and make all proper motions; he may appear and plead the want of jurisdiction over his person in abatement; if he appears without objection, and admits the jurisdiction over his person by a demurrer, he may thereby question the sufficiency of the complaint for any of the matters, enumerated in section 50 of the code, which appear upon the face of the complaint; and, if his demurrer be overruled, he may plead any of the matters enumerated in section 50 and not appearing on the face of the complaint, except misjoinder of causes of action, and except that, having expressly submitted to the jurisdiction of the court over his person, he can not again raise the question of such jurisdiction. Whatever would make a statute unreasonable and against natural justice must be regarded as excepted from it. Potter's Dwarris Stat. 238. Certainly, if a defendant should sign and file in court a statement as follows: "I hereby admit the jurisdiction of this court over my person," he could not afterwards deny it by plea, but that admission is no stronger than the admission involved in a demurrer.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.

Original opinion filed at the November term, 1882.
Opinion on petition filed at the May term, 1883.