Filed March 10, 1887.

———————

No. 11,774.

## Ford v. Ford et al.

DRAINAGE.—*Notice.*—*Appearance.*—*Waiver.*—By appearing and filing a remonstrance against a drain, without objecting to the notice or proof thereof, all questions pertaining to the jurisdiction of the court over the remonstrant's person are waived.

SAME.—*Remonstrance.*—*Sufficiency of Notice.*—*Viewers' Report.*—A question as to the sufficiency of the notice is not raised by assigning it as a cause of remonstrance. Nor is the insufficiency, or mere formal irregularity, of the report of the viewers, which can be ascertained by an inspection of the report itself, a cause of remonstrance.

SAME.—*Supreme Court.—Practice.*—Questions of law raised before the board of county commissioners are not available in the Supreme Court unless presented to and ruled upon in the circuit court.

EVIDENCE.— *Witness.—Examination.—Practice.*—Available error can not be predicated upon a refusal of the trial court to permit an answer to a question propounded to a witness, unless there is a statement of the testimony expected in response thereto.

INSTRUCTIONS TO JURY.—*Presumption on Appeal.*--In the absence of a showing to the contrary, it will be presumed on appeal that the trial court gave to the jury all necessary and proper instructions.

From·the Kosciusko Circuit Court.

*A. G. Wood, A. Brubaker* and *J. H. Brubaker,* for appellant.

*J. W. Cook* and *J. D. Widaman,* for appellees.

MITCHELL, J.—This was a proceeding for the establishment of a drain. It was commenced by petition to the board of commissioners of Kosciusko county, at its June session in 1882. Viewers were appointed, and after their report was filed notices of the pendency of the petition, and of the time set for the hearing thereof, were posted by the county auditor. At the time appointed for the hearing, the appellant, Callender Ford, appeared and filed a remonstrance, assigning ten specific causes of objection. Of these the sixth and seventh were respectively :

That there had been no notice given by the auditor of the pendency of the petition ;

That there was no proof of posting notice as required by law.

On motion of the petitioners, the above, with others of the specified grounds of remonstrance, were stricken out. Reviewers were thereupon appointed, and such further proceedings were taken as resulted in an order of the board confirming the reports and assessments made by the viewers, and establishing the drain.

Callender Ford appealed to the circuit court. Such proceedings were there had, as that the reports and assessments previously returned to the board of commissioners were again

confirmed, and the drain again established by the judgment and order of the court.

Numerous errors are assigned upon the record here, and discussed by appellant's counsel.

The questions discussed are not, however, in the record, nor were they presented to the circuit court, so as to present any question for decision there or here.

For example, the sufficiency of the notice, and proof thereof, are assailed here, but it does not appear that any question involving either the notice or proof of posting was made in the circuit court. As the questions were not made there, they can not be made here.

As we have seen, these subjects were assigned as the sixth and seventh causes of remonstrance in the commissioner's court. These assignments were there stricken out by order of the board, and so far as the record discloses, no further question was afterwards made upon either subject.

Having appeared before the board, and, without objecting to the notice or proof thereof, filed a remonstrance, the appellant could make no question upon the sufficiency of the notice, nor could such question be made by assigning it as one of the grounds of remonstrance against the drain.

A remonstrance, in a proceeding like that under consideration, is in the nature of a pleading. Filing a remonstrance, like filing an answer or other pleading in a cause, constitutes an appearance in the case, and, so far as the remonstrant is concerned, is a waiver of all questions pertaining to the jurisdiction of the court over his person. *Sunier* v. *Miller*, 105 Ind. 393; *Green* v. *Elliott*, 86 Ind. 53; *Schmied* v. *Keeney*, 72 Ind. 309; *Neff* v. *Reed*, 98 Ind. 341; *Slauter* v. *Hollowell*, 90 Ind. 286.

The case of *Scott* v. *Brackett*, 89 Ind. 413, is not applicable here, the essential difference being, that in that case the notice was not sufficient, and there was no appearance by the party who subsequently challenged the proceedings.

So, in respect to the validity and formality of the report

of the viewers. The formality of the report was not chal-
lenged in any proper manner.

These questions were sought to be presented by assigning
them as causes of remonstrance before the board of commis-
sioners. The office of a remonstrance is to tender some per-
tinent issue of fact upon which a trial may be had. The
insufficiency or mere formal irregularity of the report of the
viewers, which can be ascertained by an inspection of the
report itself, can not be made a cause of remonstrance.

Thus the assignment that the report of the viewers does
not give in tabular form the depth of the cut, width at bot-
tom, etc., at each one hundred-foot stake or monument, pre-
sents no question of fact. These assignments were stricken
out by the board of commissioners, and as no motion was
made to re-file them in the circuit court, nor to raise any
question concerning the regularity or formality of the reports
of viewers in any other manner, none-of those questions are
before us.

The appeal to the circuit court suspended all the proceed-
ings before the board of commissioners. Questions of law
which may have been raised before the board of commis-
sioners, in order to be available here, must have been pre-
sented to and ruled upon by the circuit court.

The object of the appeal is, however, mainly to give the
parties the benefit of a trial of questions of fact, such as
whether the ditch will be conducive to the public health or
welfare; whether the route thereof is practicable; whether the
assessments are in proportion to the benefits, and concern-
ing the amount of damages allowed. Section 4301, R. S.
1881. Such questions of fact, relating to the foregoing sub-
jects, as have been presented to the board of commissioners,
may be tried in the circuit court. *Green* v. *Elliott, supra.*
This is what is meant by a trial *de novo.*

Error is predicated upon the refusal of the court to permit
various questions, which were propounded to witnesses called
by the remonstrant, to be answered. There is in each case

an entire absence of any statement of what the witness would have testified to, in answer to the question put. There is, therefore, no available error.

We find in the record of the trial in the circuit court the following admission: "The ditch in controversy, proposed to be constructed, will be conducive to public health, convenience and welfare. The route of said ditch as proposed is practicable, and the ditch proposed, if constructed, would be the best route for a ditch to drain the lands of said Callender Ford, and would thoroughly drain and dry the same."

With this admission in the record, there remained no controverted question of fact for trial, except whether the assessment made against Callender Ford's land was in proportion to the benefits to be derived therefrom.

Some instructions asked by the appellant, and refused by the court, are set out in the record. Error is predicated upon the refusal of the court to give the instructions requested. The bill of exceptions, in which the instructions requested are embodied, recites that the court of its own motion gave oral instructions to the jury. The record fails to disclose what the instructions thus given were. In the absence of anything to show the contrary, we must presume that the court gave to the jury all necessary and proper instructions.

The only other point made is, that the verdict of the jury is not sustained by the evidence. The only assessment in controversy was that made against the land owned by the appellant. He was the only remonstrant. The report and assessment made by the viewers having been admitted in evidence, that was sufficient, *prima facie*, to justify the finding, so far as it confirmed the assessments which were not controverted. In respect to the assessment in controversy, there was evidence of witnesses which sustains the finding of the jury. There was no error.

The judgment is affirmed, with costs.

Filed March 10, 1887.