Gilbert *v.* Hall *et al.*

No. 13,186.

GILBERT *v.* HALL ET AL.

PRACTICE.—*Special Appearance.— What Steps May be Taken Under.—Jurisdiction.—Defects in Notice.— Waiver.*—A special appearance may be entered for the purpose of taking advantage of any defects in a summons or notice, or to question the jurisdiction of the court over the person; but filing a demurrer or motion which pertains to the merits of the case, constitutes a full appearance and submission to the jurisdiction, and waives any defect in the notice or summons.

SAME.—*Filing Papers.—Motions Must be Presented to Court.*—Where proceedings or motions are required to be taken or made in a cause during its progress in term time, such motions and proceedings must be presented to the court, and its attention called thereto, and not merely filed in the clerk's office.

DRAINAGE.—*Proceedings in Circuit Court.—Remonstrance.—Filing in Clerk's Office.— Practice.*—Where, in a drainage proceeding in the circuit court, a remonstrance is filed in the clerk's office within ten days after the report of the commissioners has been made, but without notice to or leave of court, and is not presented to the court at that term, although in session for more than ten days after the filing of such report, the establishing of the drain, and confirmation of the assessments, and a refusal to entertain such remonstrance at the ensuing term is not erroneous.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock* and *A. Simmons,* for appellant.

*A. N. Martin* and *H. L. Martin,* for appellees.

MITCHELL, J.—On the 24th day of October, 1884, Reuben Hall and six others filed their formal petition in the office of the clerk of the Wells Circuit Court, praying for the location and establishment of a ditch on a route which is specifically described in the petition. By a notation on the back of the petition, the second day of the ensuing November term was fixed as the day for the docketing thereof. The record shows that proof was made of the posting of notice at the court-house door on the 24th day of October, and that notices were duly posted in three public places in each of the townships in which lands to be affected by the proposed work were situate,

on the 25th day of October, 1884. The notices were to the effect that, on the second day of the ensuing November term of the Wells Circuit Court, the petitioners would present to the court their petition for the drainage of certain lands which, after giving the respective owners' names, were specifically described. On the day upon which the petition was docketed, William Gilbert entered a special appearance, and moved the court to set aside the notice, assigning as a cause therefor that it failed to show that a petition had been filed in the clerk's office. On the same day, and before the motion above mentioned was ruled upon, the record discloses that Gilbert appeared specially and filed another written motion, wherein he alleged that he was the owner of certain lands which would be affected by the construction of the proposed drain, and that the petition did not conform to the statute, in that it limited the discretion of the commissioners of drainage in an unwarranted degree in respect to the commencement and route of the proposed drain; and, further, that if the commissioners of drainage were permitted to make certain changes in that regard, the cost of the work could be substantially reduced, while the efficiency of the drain would be increased.

Upon these considerations he moved the court to compel the petitioners to amend their petition.

The court overruled the motion to set aside the notice, and this is complained of as error. It is said, because there was no mention in the notice that a petition had been filed, the case is controlled by the rulings in *McMullen* v. *State, ex rel.*, ·105 Ind. 334, *Carr* v. *Boone*, 108 Ind. 241, *Deegan* v. *State, etc.*, 108 Ind. 155, and cases of that class. These cases hold, in effect, that under the drainage act of 1883 it was necessary that the petition should be filed before giving notice, and that a failure to file the petition until after the giving of notice might be taken advantage of in a direct proceeding on appeal.

The present is unlike the cases referred to, in that in the

cases relied on no petition was on file at the time the notices were posted, while in the present the petition was in fact on file, but the notices made no reference to it, except to state that it would be presented to the court to be docketed on a day named. The statute provides that "if it appear to the court that notice has been given of the filing of said petition," etc.

The notice given was not in literal compliance with the statute, but it would require a most narrow construction to hold it insufficient. We do not find it necessary, however, to decide whether the variance is such as would require a reversal. Making and entering of record a motion to require the petitioners to amend their petition waived any defect there may have been in the notice, and this is so without regard to the fact that the appellant assumed to appear specially in order to make the motion. A special appearance may be entered for the purpose of taking advantage of any defects in the notice or summons, or to question the jurisdiction of the court over the person in any other manner; but filing a demurrer or motion which pertains to the merits of the complaint or petition, constitutes a full appearance, and is hence a submission to the jurisdiction of the court. *City of Crawfordsville* v. *Hays*, 42 Ind. 200; 1 Works Pr., sec. 224; *Ford* v. *Ford*, 110 Ind. 89, and cases cited.

Whatever conclusion we might have reached, in relation to the validity of the notices, in the absence of the motion which followed, relating to the petition, we are clear that the latter motion waived any defect in the notice, if there were any. As a matter of course, there having been some notice given, all those who are affected by the notice, and who did not appear and question its sufficiency, are now conclusively bound. The principle which governed the decision in *Wright* v. *Wilson*, 95 Ind. 408, does not apply.

We find it difficult, on account of the confused condition of the record, to determine satisfactorily whether it presents the questions discussed or not. It appears that the commis-

sioners of drainage made their report to the court on the 5th day of January, 1886, that being the day appointed. The court continued in session each juridical day thereafter, except on the 14th day of January, until the morning of the 16th, when it adjourned for the term. On the 14th of January, the day on which the court was not in session, the appellant, without any previous notice to, or leave from, the court, filed in the clerk's office a written remonstrance against the report of the commissioners. The remonstrance so filed was not presented to the court until the ensuing term, although the court remained in session more than ten days after the filing of the report. It was not shown that the omission to present the remonstrance to the court within ten days was attributable to the fault of the petitioners, or that any notice had been given during the term at which the commissioners' report was filed that the appellant had filed a remonstrance in the clerk's office. The court refused to entertain the remonstrance when it was presented, and made an order establishing the drain and confirming the assessments as reported. There was no error in this ruling. The statute under which the proceedings were had declares that, upon the making of the report by the commissioners, ten days shall be allowed to any owner of lands affected by the work to remonstrate against the report. In *Crume* v. *Wilson*, 104 Ind. 583, it was held that after the expiration of ten days from the filing of the commissioners' report in a drainage case, if no remonstrance was presented, the statute made it the imperative duty of the court to make an order declaring the proposed work established.

So in *Morgan Civil Tp.* v. *Hunt*, 104 Ind. 590, what purported to be a remonstrance was filed within ten days. Afterwards, upon discovering that the paper purporting to be a remonstrance was not verified as the statute required, and without showing any excuse for the failure, leave was asked to file an amended remonstrance. It was held that the leave was rightly refused. These cases hold that the

right to remonstrate, being a statutory right, must be exercised in strict compliance with the statute.

The statute requires that the court shall fix a time when the commissioners shall make their report, and the report can not be received except upon the day thus fixed, or upon some subsequent day to which the matter of making the report shall have been continued by order of the court. *Munson* v. *Blake*, 101 Ind. 78.

This requirement is to the end that persons whose lands are affected may certainly know when the commissioners' report is to be made, so that they may remonstrate to the court within the ten days allowed by law. If a party interested or entitled to remonstrate, having shown due diligence, was nevertheless prevented from presenting his remonstrance by the fault of the commissioners, or the adjournment of the court, or other circumstances beyond his control, the case would present a question for consideration upon the facts as they might appear. No question of that character is involved here.

Filing the remonstrance in the clerk's office without presenting it to the court within ten juridical days after the report of the commissioners had been received, there being ample opportunity to do so, was not remonstrating against the report of the commissioners within the meaning of the statute.

Ten days are allowed by the statute within which to *remonstrate* against the report, not to *file* a remonstrance with the clerk. The report of the commissioners, like the verdict of a jury, is made or returned to the court, and a remonstrance, like a motion for a new trial, or for a continuance, or any other similar motion, must be made to the court.

Where proceedings or motions are required to be taken or made in a cause during its progress in term time, such motions and proceedings must be presented to the court, and its attention called thereto, and not merely filed in the clerk's office.

Waiving the objections made by the appellee, in which it is insisted that the record fails to present the questions considered, we have thus arrived at the conclusion that no erroneous ruling is presented.

The judgment is affirmed, with costs.

Filed Sept. 28, 1888.