McCoy *et al. v.* Stockman *et al.*

---

McCoy et al. *v.* Stockman et al.

[No. 18,072.    Filed January 29, 1897.]

Practice.—*Special Appearance.—When Amounts to General Appearance.*—When a motion is filed under a special appearance, to strike out a cross-complaint for want of process against the plaintiff, and for other reasons which are such as must be taken advantage of by demurrer or answer, the filing of such motion constitutes a full appearance equivalent to the service of process.

Same.—*Motion to Strike Out Cross-Complaint for Want of Sufficient Facts.*—It is error to strike out a cross-complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Same.—*Motion to Strike Out Cross-Complaint on the Ground That Complainants are not All Parties to the Action.*—Where a motion is made to strike out a cross-complaint in which several defendants join, on the ground that some of them are not properly parties to the action, it is not error to refuse to strike out such a motion when such objection does not apply to all the parties.

Election of Remedies.—*Estoppel.*—When a party joins in a complaint as plaintiff, and by leave of court dismisses his complaint in order to join in a cross-complaint as a defendant, it does not amount to a conclusive choice or election of remedies so as to estop him from becoming defendant and setting up matters involved in his cross-complaint.

From the Decatur Circuit Court. *Affirmed.*

*Ewing & Wallingford* and *Moore & Miller,* for appellants.

*Ewing & Wilson, Bennett & Davidson* and *D. A. Myers,* for appellees.

McCABE, J.—The appellants and a large number of others filed a complaint against appellee, Stockman, as a warehouseman and grain merchant, and others interested, seeking to obtain possession of the wheat he had in store and to make a division thereof among the plaintiffs. It was alleged that the plaintiffs and the defendants, other than Stockman, had deposited 13,000 bushels of wheat with Stockman, and on his financial failure he had only about 5,000 bushels. Nine of the plaintiffs, with the permission of the court, dismissed the cause as to themselves, namely, George Bird and others, over the objection and exception of the other plaintiffs.

The dismissing plaintiffs applied to the court to be made defendants, which application was granted. They then joined with the original defendants in a cross-complaint against the remaining original plaintiffs, claiming certain rights in the stored wheat.

The defendants to the cross-complaint entered a special appearance to said cross-complaint and moved to strike it out for the reasons: (1) That the defendants in said cross-complaint are not in court by any process to answer the same; (2) that said cross-complaint involves a commingling of jurisdictions and incongruity of actions; (3) said defendants elected to join the plaintiffs in the original complaint, and allege they were tenants in common with all the plaintiffs in the wheat in controversy.

The court overruled the motion. The original plaintiffs answered said cross-complaint in two paragraphs, and the circuit court sustained a demurrer to the second paragraph thereof. The only errors assigned call in question the rulings above mentioned. The error assigned, that the court erred in rendering final judgment in favor of the cross-complainants, if it were even a sufficient assignment of error to present any

question of law, it is waived by appellants' counsel in not mentioning it in their brief.

We need not determine whether process was necessary to bring the defendants to the cross-complaint into court, as under their so called special appearance they moved to strike out the cross-complaint, not only for want of process, but for other reasons assigned in such motion.

A motion under a special appearance to quash the notice and set aside the order appointing a receiver was held to be taking a step in the cause, and therefore a full appearance, in *Hellebush* v. *Blake*, 119 Ind. 349.

The other reasons assigned in the motion were such as must be taken advantage of by demurrer or answer, and either a demurrer or answer filed constitutes a full appearance. *Knight* v. *Low*, 15 Ind. 374; *City of Crawfordsville* v. *Hays*, 42 Ind. 200; *Slauter* v. *Hollowell*, 90 Ind. 286; *Gilbert* v. *Hall*, 115 Ind. 549.

A full appearance is equivalent to the service of process and waives all defects therein. *City of Crawfordsville* v. *Hays, supra; Louisville, etc., R. W. Co.* v. *Nicholson,* 60 Ind. 158.

The second and third reasons or grounds of the motion, as before remarked, involved either grounds for a demurrer to the cross-complaint or an answer thereto, if indeed they state any matter the appellants had any right to urge against the cross-complaint, either by way of demurrer or answer. Even though the cross-complaint stated no cause of action against appellants, that circumstance furnished no ground for striking it out. It is well established in this State that it is error to strike out a complaint on the ground that it does not state facts sufficient to constitute a cause of action. *Port* v. *Williams*, 6 Ind. 219; *State, ex rel.,* v. *Newlin,* 69 Ind. 108; *Indianapolis Piano Mfg.*

*Co.* v. *Caven,* 53 Ind. 258; *Fletcher* v. *Crist,* 139 Ind. 121.

The reason of the rule is, that if the facts stated are not sufficient to constitute a cause of action the plaintiff has a right to amend his complaint so it will state a cause of action. This he could not do if the pleading was stricken out. The same rule applies to a cross-complaint.

Another reason stated in the motion to strike out the cross-complaint, if it had been true in fact, would have presented a very different question. That reason is the fourth, namely: "That said complainants are not parties to this action, being neither plaintiffs nor defendants, they having dismissed and withdrawn their original suit, and now have no standing in the court authorizing them to plead the matters set forth in said cross-complaint." The court having granted their application to be made parties defendant, as the record shows, the ground stated has no foundation in fact. Moreover, a part of the cross-complainants were original defendants in the action. There was no error in overruling the motion to strike out the cross-complaint, even if the nine dismissing plaintiffs had no right to and did not become defendants.

The second paragraph of the answer to the cross-complaint is in substance as follows: Said defendants, for further answer to said cross-complaint, say that the following named plaintiffs in said cross-complaint, then naming nine of them, were plaintiffs in the original complaint filed in this cause, and they, with full knowledge of all the facts alleged in said complaint and cross-complaint, and with full knowledge of the facts that Henry C. Stockman had been engaged for years in buying, selling, and storing wheat, and in dumping, mingling, and storing wheat in one general warehouse, kept by him for that purpose, and well knowing that the said Stockman was

insolvent, and knowing that he had on hand only 5,000 bushels of wheat to satisfy deposits of 13,000 bushels, and knowing that he had been in the habit of shipping stored wheat and buying wheat to replace it, and with full knowledge of all these facts, the said cross-complainants deposited their wheat on the same general terms and conditions of all other depositors, and at the time of bringing of this action, the said cross-complainants elected to join with the original plaintiffs and asked to recover with them as tenants in common, and asked for the appointment of a receiver herein, and continued as plaintiffs until the day of the appointment of such receiver, when they dismissed as plaintiffs over the objection of these plaintiffs. Wherefore the plaintiffs say that said cross-complainants are estopped to plead the matters set forth in said cross-complaint, and they ask judgment accordingly. The ground on which appellants seek to uphold the sufficiency of this answer is that it shows that the cross-complainants were estopped or concluded by their election of remedies in joining in the original complaint.

But if all the cross-complainants had originally joined in the complaint and had dismissed and became defendants by leave and order of court, as a part of them did, it would not have amounted to a conclusive choice or election of remedies so as to estop them from becoming defendants and setting up the matters involved in their cross-complaint. This is settled by the recent case of *Cohoon* v. *Fisher, ante,* 583, and cases there cited.

The circuit court did not err in sustaining the demurrer to the said second paragraph of the answer to the cross-complaint.

Judgment affirmed.