## THE SUPERVISORS OF ALBANY COUNTY vs. DURANT.

The board of supervisors of a county may file a bill in equity, in the nature of a creditor's bill, to collect a tax, legally assessed against the defendant, out of his equitable interests and choses in action, upon the return of the collector that the defendant has no visible property out of which the tax can be levied.

Whether an action of debt will lie against a party to recover the amount of a tax duly assessed against him, and which cannot be levied by the collector for want of visible property of such party; *Quære*?

May 4.    THIS was an appeal, by the defendant, from a decision of the late vice chancellor of the third circuit, overruling a demurrer. The object of the bill was to obtain a satisfaction of the taxes assessed against the defendant, out of his equitable estate and choses in action; the warrant for the collection of the tax having been returned unsatisfied because the collector could not find any property of the defendant out of which the tax could be levied. The bill charged that in the years 1833 and 1834 the defendant was assessed for the sum of $25,000 of personal property, in the ward of the city of Albany in which he resided, upon which assessment the supervisors of the county assessed a tax, for the first year of $197,50, and for the second year of $215, in the manner prescribed by law; that warrants were duly issued to the collectors to levy such taxes; that they called upon the defendant and requested payment of the taxes so imposed upon him in respect to his personal estate, but that he declined paying the same; that such collectors could not find any goods and chattels of the defendant out of which to levy such taxes by distress and sale; that the defendant had no goods or chattels in the county of Albany out of which such taxes could be levied; and that the collectors, according to the form of the statute, and by

reason of their inability to collect the taxes or any part thereof, duly returned the warrants unsatisfied, to the treasurer of the county. The bill further charged that at the time of such assessments the defendant was possessed of the amount of personal property for which he was assessed, and was liable to taxation therefor ; and that at the time of filing the bill he was a wealthy monied man, and had personal property to a large amount which could not be reached by any warrant authorized by law to be issued for the collection of such taxes ; and that he had equitable effects to the value of more than $100 which the complainants could not reach either by such warrants or by execution at law. The bill therefore prayed for a discovery of his property and for a receiver ; and that his property so discovered, or so much thereof as was necessary, might be applied to the payment of the taxes thus assessed against him, and for general relief.

*S. Stevens*, for the appellant. Chancery has no power to grant the relief prayed for in the bill of the complainants. There exists no other remedy for the collection of taxes than such as is prescribed in the statutes of the state. There is no law which makes a tax a charge on either the person or the estate of the person against whom it is assessed. (1 *R. S.* 396, § 36, 37. *Id.* 397, § 1 *to* 5.) If the complainants have any remedy, it is at law. If chancery can grant the relief prayed for here, then the § 33 of the act relative to the city of Albany, (*Laws of* 1826, *p.* 197,) which makes city assessments a lien on the lots assessed, was unnecessary. Wherever a statute creates a right and prescribes a remedy when no such remedy existed at common law, no other remedy can be pursued than the one prescribed by statute. The provision of the revised statutes relative to creditors' bills, (2 *R. S.* 173, 4,) confines such bills to judgments at law. The complainants are not judgment creditors. They are not even creditors. If any bill of this kind can be sustained, the board of supervisors are not the proper complainants. The bill must be filed by the

1841.

Supervisors of Albany Co.
v.
Durant.

1841.

Supervisors of
Albany Co.
v.
Durant.

party to whom the demand or debt is due. The monies, when collected, are to be paid over to the officers of the towns and to the county treasurer. (1 *R. S.* 398, § 6. *Id.* 399, § 10. *Id.* 400, § 13. *Id.* 401, § 19.) The board of supervisors have no remedy to compel the collectors to pay over monies collected by them. (2 *R. S.* 473, § 92.) The debt, in this case, is due not to the county, but to the city of Albany. The county treasurer should have been complainant, as all the monies in this case were payable to him. (1 *R. S.* 396, § 37.) If a complainant has a remedy at law, he must exhaust it before he can resort to equity. (4 *John. Ch. Rep.* 671.) If the revised statutes authorize the supervisors to maintain this suit in equity, they can maintain it at law. If there is a duty on the part of the defendant to pay these taxes, the law will imply a promise, and assumpsit or debt will lie. And the bill is defective, as it does not show that this legal remedy has been exhausted.

*John Van Buren,* for the respondents. The provision of the revised statutes in relation to creditors' bills, is only declaratory of the pre-existing power of the court of chancery. (2 *John. Ch. Rep.* 283. 4 *id.* 671. 20 *John. Rep.* 554. 5 *John. Ch. Rep.* 280.) The provisions of the revised statutes in relation to taxes show that the complainants have a right to the taxes imposed on the defendant; and that these taxes are a lien on the personal property of the defendant, inasmuch as they are directed to be levied by distress and sale of his goods and chattels. (1 *R. S.* 395, 6. *Id.* 397, 8.) And the bill shows that we have exhausted the remedy given by law. All real and personal estate is liable to taxation. (1 *R. S.* 387, § 1.) Every person must be assessed in the town or ward where he resides, for all the personal estate owned by him. (1 *R. S.* 389, § 5.) The supervisors of the county examine, correct and equalize the assessment rolls. (1 *R. S.* 395.) They issue the warrants to the several collectors for the collection of the taxes assessed. (1 *R. S.* 396,

§ 37.) The person taxed, cannot dispute the tax. It is a charge on his whole personal estate. (1 *R. S.* 397, 8.) It is equivalent to a judgment at law. And the return of the warrants by the collectors to the county treasurer unsatisfied, is equal to the return of an execution at law unsatisfied. There is no complete and perfect remedy in this case at law. The bill shows that a suit at law would be fruitless. The defendant has no real estate, and no personal estate which can be reached by execution. This bill can be maintained upon the acknowledged principles of equity. Chancery affords relief where the remedy is either doubtful or difficult at law. (1 *Ves. jun.* 416. 1 *Ridg. L. & S. Rep.* 361. 10 *John.* 587.) The remedy at law in this case, if any exists, is both doubtful and difficult. The bill may be sustained as a bill of discovery, and for account. In England a bill in equity lies for tithes, tolls and annuities. (5 *Price,* 473. *Bunb.* 238.) Also to recover deposits paid in to a joint stock company, on the ground of its being a bubble. (1 *Simons,* 45.) If we have a remedy at law, we also have a concurrent remedy in equity. Concurrent jurisdiction of courts of equity is not excluded by the adoption of equitable principles by courts of law. (2 *Swans.* 546.) The bill prays for a discovery of the defendant's equitable assets, and for an account. It is properly filed in the name of the board of supervisors. They represent the county, in its character, as a body corporate. All acts and proceedings by or against a county in its corporate capacity must be in the name of the board of supervisors. (1 *R. S.* 364, 384.) The supervisors audit and allow all accounts against the county, and direct the raising of the sums necessary to defray the same. They control the funds of the county. (1 *R. S.* 367, 385, 386.) The county treasurer has no control over the funds; he merely receives them and pays them out as directed by the supervisors. (1 *R. S.* 369, 398, 402.)

THE CHANCELLOR. The case made by the complainant's bill presents the question whether a wealthy individual, who

*Margin:*

1841.

Supervisors of Albany Co. v. Durant.

is taxed on account of his personal estate, can escape from his liability for the payment of the tax, if he thinks proper to invest his funds in bonds and mortgages, or other property, which cannot be distrained and sold under the supervisors' warrant to the collector. It is a general principle of the common law, that every person is bound and hath virtually agreed to pay such particular sums as are charged upon him by law, or by the sentence or direction of a competent tribunal having legal authority to impose such charge. (3 *Black. Com.* 158.) And where a statute gives a right without furnishing an adequate remedy to enforce such right, it is a part of the established jurisdiction of this court to lend its aid and furnish an effectual remedy where it cannot be had by a common law proceeding. Here the law has imposed a tax upon the defendant, in respect of the estate of which he is the owner, to be collected for the benefit of the city and county in which he resides. And if the mode prescribed by the statute for the collection of the tax is found to be ineffectual for that purpose, the common law or the court of chancery must supply the defect. Where a charge upon the person of an individual is created by statute without prescribing the mode in which the payment of the charge is to be enforced, the common law gives an action of debt to recover the amount of the charge thus created. Thus where a revenue law directs that goods imported shall be charged with certain duties, if the owner of the goods, or the importer, neglects to pay such charge, an action of debt will lie against him to recover such duties. (*Attorney General* v. *Strangforth, Bunb. Rep.* 96. *United States* v. *Lyman,* 1 *Mason's Rep.* 482. *United States* v. *Hathaway,* 3 *Idem,* 324. *Meredith* v. *The United States,* 13 *Peters' Rep.* 486.) Whether an action of debt would lie against the defendant in the case under consideration, to recover the amount of the taxes assessed upon him, after the supervisors had exhausted the remedy prescribed by the statute, is a question not material to be discussed here; as I am satisfied it was not necessary to bring a suit at law, and exhaust the remedy by judg-

ment and execution, before this court could have jurisdiction to compel payment out of the equitable assets and choses in action of the defendants. The tax itself, after it had been legally assessed, was conclusive as to the amount which the defendant was bound to pay. And the assessment of the tax and the issuing of the warrants to the collectors to levy the same out of the property of the defendant, and the return of such warrants unsatisfied for want of visible property whereon to levy, was equivalent to the recovery of a judgment and the return of an execution thereon unsatisfied, in other cases. For, by such proceedings, the complainants have exhausted the remedy which the statute gives them against the property of the defendant. In analogy, therefore, to the proceedings by creditors' bills in other cases, I think the complainants had a right to come into this court for relief, as soon as the collectors had made their return to the county treasurer, in the mode prescribed by law, that the defendant refused to pay the taxes, and that he had no tangible property out of which such taxes could be levied upon the warrants delivered to them. I think also the allegations in the bill are sufficient to show that the collectors had complied with every thing required by the statutes, in making their returns to the county treasurer.

The remaining question is whether the suit is properly instituted in the name of the supervisors of the county, instead of the county treasurer. Although the tax, when collected, is to be paid to the county treasurer, he does not appear to be the proper person to represent the county as the complainant in a suit for its benefit, under the provisions of the revised statutes. The liability and duty of the defendant to pay these taxes are to the people of the county in their corporate capacity; as their funds in the hands of the county treasurer are diminished to the extent of the taxes uncollected. For all the other officers to whom the taxes are payable are first to receive the amounts payable to them for other purposes, and the balance is to be paid into the county treasury for county expenses. (1 *R. S.*

396, § 37.) The statute makes the county a corporation for certain purposes, and directs that all acts and proceedings by or against a county in its corporate capacity shall be in the name of the board of supervisors. (1 *Idem*, 364, § 1, 3.) It also authorizes the supervisors of a county to bring suits to enforce any liability or any duty enjoined by law to the body which they represent. (2 *Idem*, 473, § 92.) I conclude, therefore, that this bill was properly filed to reach the equitable interests and choses in action of the defendant for the payment of these taxes, and that the suit was rightfully brought in the name of the supervisors of the county of Albany, to the inhabitants of which county in their corporate capacity the monies due from the defendant for taxes belong.

The decretal order of the vice chancellor must, for these reasons, be affirmed with costs.(*a*)

(*a*) Reversed, on appeal to the court for the correction of errors, in December, 1841.