Nov. Term,
**1859.**

THE CITY OF
EVANSVILLE
v.
HALL.

---

THE CITY OF EVANSVILLE *v.* HALL.

| 14 | 27 |
|----|----|
| 140 | 319 |

The *situs* of shares in an insurance company, at least for the purpose of taxation, is the domicil of the owner.

Money or capital to be taxable by the city of *Evansville*, must be taxable for county purposes in the county of *Vanderburgh*.

APPEAL from the *Vanderburgh* Circuit Court.

WORDEN, J.—*Hall*, the appellee, was a citizen and resident of the town of *Princeton*, in the county of *Gibson*, in the state of *Indiana*, and the owner of one hundred and eighty-five shares of the capital stock of the *Evansville Insurance Company*, located in the city of *Evansville*, in *Vanderburgh* county. He paid state, county, and corporation taxes on the stock in the county of *Gibson*, his residence. At the same time, the city of *Evansville* assessed a corporation tax on the same stock; and the question involved in the case is, whether the tax thus assessed by the city of *Evansville* is legal and valid. It was held by the Court below that the city could not thus assess and collect the tax, and from that decision she appeals to this Court.

*Saturday,
January 14,
1860.*

Section 35 of the charter of *Evansville* provides that "For the purposes of revenue, the common council shall have power to levy, and cause to be assessed and collected, once in each year, an *ad valorem* tax upon all property, real and personal, within said city; and on all money and capital within said city, which is or may be subject to taxation for county purposes, whether such money or capital be actively employed or not, and on all money bearing interest and payable to any inhabitant of said city," &c. Local Acts of 1847, p. 18.

Nov. Term,
1859.

The City of
Evansville
v.
Hall.

Corporation stock is, perhaps, to be deemed personal property. For the purposes of taxation, it is defined as such by 1 R. S. p. 105, § 5. And if the stock, in this case, is to be considered as "within said city," the city may, undoubtedly, tax it, under the first clause of the section of the charter above quoted. But it seems to us that the stock of the company is not to be deemed within the city, simply because the corporation is located and transacts its business there. Such stocks differ from tangible property that must have an actual location. "Shares in incorporated joint stock companies are not, strictly speaking, chattels; and it has been considered that they bear a greater resemblance to choses in action; or,·in other words, they are merely evidence of property. They are, it has been said, mere demands of the dividends as they become due, and differ from movable property, which is capable of possession and manual apprehension." Ang. and Ames on Corp. 316.

We are of opinion that the *situs* of the stocks, in the case at bar, at least for the purposes of taxation, is the domicil of the owner, and cannot be deemed to be within the city. Hence the city cannot levy the tax under the first branch of the section above quoted. This view is supported by what is said in the case of *The Bank, &c.* v. *The City of New Albany*, 11 Ind. R. 139. Counsel for the city, in their brief, say that the stock "is situated where the company has its principal office, and does its business." The statute on the subject "of listing corporation and public stocks" (1 R. S. p. 113), does not apply to insurance companies, and we know of no other statute on the subject.

But the city is authorized to levy a tax upon "all money and capital within said city, which is, or may be, subject to taxation for county purposes." Admitting that the term "capital," as used in the above section, could be construed to embrace the stocks in question (a proposition which we do not decide), still, in order that the city may tax that capital, it must be taxable for county purposes. We understand the language employed in the city charter

to mean, that the money or capital to be taxed by the city, must be taxable for county purposes in the county of *Vanderburgh*, in which the city is situated.

We are of opinion that under the provisions of the act providing for the assessment and collection of taxes (1 R. S. p. 105), particularly the 10th and 23d sections, the stocks in question were taxable for state and county purposes, in the county of *Gibson*, the residence of the appellee, and not in the county of *Vanderburgh*. The 23d section requires the owner to make out a list for taxation, amongst other things, of all "corporation stocks," excepting stocks in the *Indiana State Bank*, and such other stocks as may be specifically taxed. The stocks in question are. not specifically taxed, but are taxed as other property, and in the county where the owner resides. It follows that the city of *Evansville* had no authority to levy and collect the tax in question.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Jones* and *J. E. Blythe*, for the city.

*S. Hall*, in person.