The City of Madison et al. *v.* Whitney, President, &c.

———❖❖❖———

The City of Madison *et al. v.* Whitney, President, &c.

Bank Stock—Taxation.—Under the charter of the city of *Madison,* bank stocks should be assessed, for municipal taxation, in the names of the individual stockholders, and not in the name of the bank.

Same—Statutes Construed.—The act of 1861, providing for the taxation of bank stocks against the banks, and not the stockholders, only applies to the taxation for State and county purposes, and not to taxation for municipal purposes. 1 G. & H. 17.

Same.—*Semble,* that municipal corporations can not tax bank stock owned by non-residents of the city, because such stock can have no location or *situs* other than the domicil of the owner.

Same—United States Stocks.—*Semble,* also, that the bonds and stocks of the *United States* can not be taxed under State authority.

Same.—But, *quære,* whether a bank, organized under the general banking law of *Indiana,* can legally divert her capital from the business for which the corporation was created, and invest it in *United States* stocks, and thus deprive the State of any revenue therefrom.

APPEAL from the *Jefferson* Circuit Court.

Worden, J.—The *Indiana Bank* is a stock bank, organized under the general banking law of *Indiana,* doing business

and having its banking house in the city of *Madison.* The paid-in capital of the bank, at the time of the assessment of the taxes hereinafter mentioned, was 103,500 dollars. A part of the stock, viz: 90,000 dollars thereof, had been invested in the bonds of the *United States,* issued and purchased by the bank after the passage of the act of Congress of *February* 25, 1862. "The said bank having loaned that much of her capital to the *United States* and taken said bonds therefor."

The city of *Madison* for the year 1862 assessed a tax against the bank on her capital stock for municipal purposes. This action was brought to restrain the collection of said taxes, and a perpetual injunction was granted below. The city appeals. There were two grounds on which it is claimed that the taxes were not collectable: *First,* that the stock should have been assessed to the individual stockholders and not against the bank; and, *Second,* that the amount thus invested in the bonds of the *United States* was not taxable. We are of opinion that the first position was well taken.

The city of *Madison* is governed by a special charter. Under that charter the proper mode of taxing bank stock is to assess it against the individual stockholder, and not against the corporation. *King* v. *The City of Madison,* 17 Ind. 48.

An act was passed in 1861 (1 G. & H. p. 17,) providing for the taxation of bank stock against the banks, and not the stockholders, but this act, as we construe it, only applies to taxation for State and county purposes, and not to taxes to be collected by municipal corporations. Whether or not cities, existing under the general law for the incorporation of cities, might not assess and collect taxes against the stock banks in the manner prescribed by the act of 1861, we have not inquired; but we think it clear that the city of *Madison* can only assess the tax upon the stockholders.

It appears in the case that a portion of the stock was owned by persons who were not inhabitants of the city, and it is

proper to remark that it would seem, from the general tenor of the decisions, that such stock can not be taxed by the city; such stock having no location or *situs* other than the domicil of the owner. *Hoyt* v. *The Commissioners of Taxes*, 23 N. Y. 224; *The City of Evansville* v. *Hall*, 14 Ind. 27; *Powell* v. *The City of Madison*, at the present term. The judgment below will have to be affirmed, on the ground that the taxes could not be assessed against the bank, whatever might be our views on the second ground on which it was sought to restrain the collection. We shall express no opinion on the latter question, as the result must be the same whatever might be our conclusion in respect to it. But for convenience of reference, we note the following authorities as bearing upon the question of the taxation, by or under State authority, of the stocks of the *United States: The People ex rel. The Bank of the Commonwealth* v. *The Commissioners of Assessments, &c.*, 32 Barb. 509; reported in *Bankers Magazine* for *December*, 1860. In this case it was held that such stocks were taxable by State authority. This judgment was affirmed by the Court of Appeals. 23 N. Y. 192. But was reversed by the Supreme Court of the *United States*. Am. Law Reg. vol. 11, p. 614. See also *id.* p. 31, for a case originating since the act of Congress exempting such stocks from State taxation. The above cases we believe contain a reference to all the previous adjudications that bear upon the question. Admitting that the stocks and bonds of the *United States* can not be taxed by State authority, still it might be a question worthy of examination whether a bank, organized under our general banking law, could divert her capital from the business for which the corporation was created, and invest it in *United States* stocks, thereby depriving the State of a revenue which she might have contemplated receiving when the law was passed, by virtue of which the bank was brought into existence. But of this we determine nothing.

*Per Curiam.*—The judgment below is affirmed, with costs.
*R. J. Bright* and *H. W. Harrington,* for the appellants.
*C. E. Walker,* for the appellee.