CASE 10—PETITION EQUITP—APRIL 1.

# Whitaker, Auditor's Agent, v. Brooks.

APPEAL FROM KENTON CHANCERY COURT.

1. TAXATION OF CORPORATIONS—EXEMPTION OF STOCKHOLDERS.—Under our statutes corporations are required to list their property for taxation, and the stockholders are exempt from taxation upon their stock. And the fact that the corporation has failed to list its property, or that its property is situated in another State, and, therefore, not subject to taxation here, does not deprive the stockholder of this exemption.

2. SAME.—Prior to April 22, 1884, only certain corporations were required to list the corporate property for taxation, and as to such corporations alone were the stockholders exempt from taxation upon their stock. As to all other corporations the burden was upon the

Whitaker, Auditor's Agent, v. Brooks.

stockholders. And the payment of taxes by the corporation when it was not liable did not relieve the stockholder from the payment of taxes upon his stock.

3. SAME.—The act of April 22, 1884, changing the mode of assessing corporations for taxation, applied to the year 1884, as the act took effect from its passage, and there was still time, before the assessor was required to complete his year's work, to make the assessment.

4. DOUBLE TAXATION.—To constitute double taxation the property must be twice taxed within the same jurisdiction. To tax property here which has been taxed in another State does not constitute double taxation.

5. DEFECT IN INFORMATION WAIVED.—A mere defect of form in an information against a delinquent tax-payer is waived by failing to make the objection in the county court.

H. P. WHITAKER FOR APPELLANT.

1. Prior to April 22, 1884, the shares of stock in all corporations in Kentucky were subject to taxation in the hands of the stockholders when no provision was made for their taxation. (Lou. & Ev. Mail Line Co. v. Barbour, &c., 88 Ky., 73.)

2. In order to exempt the individual stockholder in a corporation from taxation on his shares, the whole or the major part of the corporate property must be assessed in Kentucky. The listing of the corporate property in another State is not sufficient to exempt the shares of stock in the hands of individuals domiciled in Kentucky; nor is the listing in Kentucky of only a small part of the corporate property sufficient to exempt the shares of stock held here. (Gen. Stat., chap. 92, art. 4, secs. 8 and 9; Sturges v. Merchant Carter, Treas. of Richland county, Ohio, 114 U. S., 511; Bradley v. Bauder, 36 Ohio St., 28.)

Double taxation exists only where the same thing is taxed twice within the *same jurisdiction*. The tax laws of a State do not operate beyond its limits. (Cleveland R. Co. v. State of Pennsylvania, 15 Wall., 300–326; Bonaparte, Ex'r, &c., v. Appeal Tax Court of Baltimore, 14 Otto, 592; Providence Bank v. Billings, 4 Peters, 514–563; City and County of San Francisco v. Fry, 63 Cal., 470–473; Dwight v. Mayor and City of Boston, 12 Allen, 316.)

3. The shares of stock and the capital stock of a corporation are separate and distinct properties, and both may be taxed unless prohibited by statute. (Franklin County Court v. Deposit Bank of Frankfort, 10 Ky. Law Rep., 370.)

O'HARA & BRYAN FOR APPELLEE.

1. The failure of the corporation to list its property for taxation under the revenue laws of Kentucky does not make the shares of stock subject to taxation in the hands of the stockholders. If the corpora-

tion failed in its duty the proceeding should have been against it to compel it to perform the duty.

2. The failure to tax the shares of the stockholders can not be considered an unconstitutional exemption of property from taxation. It is clearly within the legislative discretion to tax either the property of the corporation or the shares of the capital stock. (Farmers' Bank v. Commonwealth, 6 Bush, 127; Franklin County Court v. Deposit Bank of Frankfort, 87 Ky., 370.)

3. The information is not sufficient to raise the question as to appellee's liability to be taxed upon his shares under the "equalization law" in force in the year 1883.

This is a special proceeding governed by the Civil Code of Practice, and the complaint should set out the facts with such particularity as will advise the defendant with reasonable certainty of the delinquency charged against him. (Civil Code, sec. 700; *Idem.*, sec. 732, subsec. 34; *Idem*, secs. 1, 2, 3, 16.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In July, 1882, the appellee, L. H. Brooks, and others incorporated themselves under chapter 56 of the General Statutes by filing articles of incorporation in the Kenton County Court, of this State, under the name of the "Brooks-Waterfield Company," for the purpose of carrying on the tobacco warehouse business. The articles located its principal office or place of doing business in Covington, Kentucky, but, in fact, the business was conducted in Cincinnati, Ohio. Its tangible property, real and personal, was located there, save a comparatively small amount of real estate in Mason and Lewis counties, Kentucky, which had been taken for debt. Its property in Ohio was listed for taxation there, and its real estate in Kentucky in the counties where it was situated.

The appellee, Brooks, is the owner of shares of stock in the corporation of the par value of seventy-five thousand dollars, and actually worth, according to the assessment made, fifty-two thousand dollars.

He, and in fact all of the corporators, are residents of Kenton county, Kentucky. He declined to list his shares of stock for taxation in Kenton county, Kentucky, by reason of the payment of taxes by the corporation in Ohio and this State, as above stated, and upon the ground that, under our law, where the corporation lists the corporate property for taxation, the stockholder is not required to list his shares of stock.

The appellant, as Auditor's Agent, thereupon filed an information before the Kenton County Judge, as authorized by the act of the Legislature of April 29, 1880, commonly known as the "Auditor's Agent Act," for the purpose of compelling the appellee to list his stock for taxation for the years from 1882 to 1888. A response was filed, and, after hearing, the county court assessed it, and the list was placed in the hands of the Auditor's Agent for collection. The appellee then brought this action enjoining its collection. The chancellor perpetuated the injunction as to all the years named, and the case is now here upon appeal.

Prior to the present revenue law, which became operative on May 17, 1886, there appears to have been no provision for the taxation, in any case as against the stockholder, of shares of stock *eo nomine* in a corporation. Where liable to be embraced in his list it could only be as a part of his surplus wealth left after giving in the specific list required, and deducting his indebtedness, or under what was commonly known as "the equalization law." (General Statutes (1873), chapter 92, article 1, section 5.)

It is now urged, therefore, that if the stock of the

appellee be liable to taxation for any of the years.
named, that yet the judgment below should be af-
firmed, because the information proceeded for, and
the county court made, an assessment of the shares.
of stock as such for taxation.   It does not, however,
appear that there was any objection to the informa-
tion for insufficiency, or that there was any claim
that the appellee had included the value of the stock
in an assessment under the equalization law, or that
he should not have done so because of any indebted-
ness.   Upon the contrary, his response shows that his
sole objection to the assessment was, that the stock
was not liable to taxation.   It is, therefore, now too
late to raise this formal objection.   It was waived by
the failure to present it in the county court.   The stat-
ute authorizing the proceeding in that court should
be liberally construed in view of the mischief in-
tended by the Legislature to be remedied, and the
assessment as made in this instance should be re-
garded as one merely taxing so much surplus wealth
of the appellee.

Prior to April 22, 1884, certain corporations were
required to pay taxes upon their property by article
12, chapter 92, of the General Statutes, and section
8 thereof provides: "The individual stockholders of
the companies which are by this article required to
report and pay tax upon the value of their property
shall not be required to list their shares in such com-
panies for taxation."

It was decided by this court, however, in the case
of the Louisville & Evansville Mail Company v. Bar-
bour, &c., 88 Ky., 73, that a steamboat corporation

was not embraced by article 12 of the statute, and that up to April 22, 1884, when the statute was changed, the value of the stock was liable to assessment as. against the stockholder.    In other words, in cases where the corporations were expressly required to assess the corporate property and pay the taxes, the· share-holder was not liable to taxation upon his stock; but where they were not so required, the burden was. upon him.

Under the ruling in that case the Brooks-Waterfield Company is not a corporation of a character embraced by article 12, and it is manifest that it did not embrace all corporations from the language of section 8, *supra*.   As the then existing law looked only to the. stockholder in a corporation like this one for the taxes, a payment of them by the corporation was without legal warrant, and would not relieve him from tax liability as to his stock.   The Legislature, however, on April 22, 1884, by the first section of an act, which then took effect, provided: "That hereafter· all cor· porations in this Commonwealth, except railroad and turnpike companies, shall, in the manner provided by article 12, chapter 92, of the General Statutes, list their· property with the assessor of the county in which the corporate property is situated."    (Acts 1883-4, volume 1, page 70.)

This made section eight, above cited, applicable to a corporation like this one; and while, owing to some· of the provisions of the act, a doubt at first arises whether it applies to the year 1884, yet, upon reflection, we think such was the legislative intention.   Iti took effect from its passage.   The assessor was not

required, under the then existing law, to return his lists before the first of May in each year ; and although not so entitled, it really was an amendment of article 12, chapter 92, of the revision of the statutes of 1873. This article, as contained in the revision of 1873, required the corporations embraced by it to report their lists to the State Auditor by July tenth in each year, the same to relate to the tenth of January preceding.

The amendatory act changed the mode of assessment save as to railroad and turnpike companies, and provided that all laws inconsistent therewith were thereby repealed. Unless it, therefore, be regarded as applying to the year 1884, it would at least be questionable whether, as to that year, any law was in force· after its passage for the assessment of any corporations, save railroad and turnpike companies. It can not be presumed the Legislature intended such a result.

There was still time, after its passage, and before the assessor was required to complete his year's work, to make the assessment ; and the corporations which, under the old law, were required to report to the Auditor by July tenth, could not, with the exception of railroad and turnpike companies, do so after the passage of this amendment, as it repealed the old law in this respect.

It is proper to here say that the provisions of the present revenue law, and which was enacted May 17, 1886, are, as respects the question whether a corporation like this one shall assess its property or the stockholder therein his stock, substantially the same as those in the revision of 1873, as amended by the act of April 22, 1884.

The assessment as to 1883 being proper, and the judgment of the chancellor to this extent certainly erroneous, the question next arises whether this is true as to the subsequent years embraced by the assessment.

It is conceded, upon the side of the appellant, if the corporation had listed in this State its property in the main, and not a comparatively insignificant portion of it, and thus complied with what is said to be the spirit and real meaning of the law, as amended in April, 1884, that then the stockholder would not be subject to taxation upon his stock.

In other words, it is contended that, although it be a home corporation, yet the listing of its corporate property in this State, and the payment of the tax, is a condition precedent to the exemption of the shares of stock from taxation in the hands of the stockholder.

The rule is, that all property is taxable in return for the governmental protection afforded, unless it be exempted by statute conforming to constitutional requirement; and an exemption should not be held to arise out of doubtful language. But here the statute plainly says that the corporation shall list its property; and in equally plain terms it provides that, where it is required to do so, the stockholder shall not be required to list his shares for taxation.

In this case the trouble grows out of the fact that the corporate property in the main is in Ohio, and at least the real estate, if not all the tangible property, is taxable there, and, owing to its *situs*, can not be reached for taxation here. It is unnecessary, however, to decide what portion of its property, if

any, which is employed in its business in Ohio, can, by proper steps against it as a home corporation, be reached for taxation here, because it seems to us it is a sufficient answer by the stockholder, when called upon to assess his stock, to say the law requires the corporation to assess its corporate property, and declares that the stock of the share-holder shall be exempt. It matters not to him whether the corporation has done so or not. If not, it should be made to do so. The grant of exemption to the stockholder has not been made to depend upon this being done. If it can not be done under existing law, then resort must be had to additional legislation instead of a court attempting to annul a plain legislative grant of exemption to one because another has failed to perform what is perhaps a legal duty.

If the statute declares without condition (as it does) that the corporation, and not the stockholder, shall answer for the tax, then it is immaterial to him, in the present condition of the law, whether the corporation has or not listed its property and paid the tax. He need only show that the law places the burden upon the corporation. His non-liability does not arise out of the fact that the property of the corporation in Ohio is taxed there. To also tax his stock here would not be double taxation, because to be such it must be twice taxed within the same jurisdiction.

Each State is sovereign and independent in this respect, and one State can not, of course, exempt property from taxation in another; nor is the taxation of shares of stock in a foreign corporation owned by a resident of this State the question here, as appears

to have been the case in the most, if not all, the cases cited by the appellant in argument.

Our attention has been called to the Ohio statute upon this subject, and the construction there given to it by the Supreme Court of that State, whose opinions are justly held in high regard.

It seems to us, however, that there is a difference between it and our own, conceding that the construction to the extent claimed has been given to the former.

Our statute declares that where the corporation is "*required* to report and pay tax" upon the value of its property, the stockholder therein shall not be required to list his stock.

The Ohio statute provides: "No person shall be required to list for taxation any certificates of the capital stock of any company, the capital stock of which *is taxed* in the name of the company." (Rev. Stat., § 2746.)

If its proper construction be that the shares of stock are exempt only when the State has in fact exercised the right to tax the capital stock, yet a like construction should not be given to our statute because of the difference between them.

It is true the appellee's stock is a part of the wealth of this State. As a matter of proper and just policy, it should, perhaps, contribute by taxation to the support of the government, if the property of the corporation can not, by reason of its *situs*, be made to do so ; but this is a matter for legislative and not judicial action.

Judgment reversed, with directions to enter one dissolving the injunction as to the taxes for 1883, and perpetuating it as to the subsequent years.