### SLOAN, ADMINISTRATOR, v. LOWDER ET AL.

[No. 2,883. Filed June 16, 1899. Rehearing denied Oct. 24, 1899.]

APPEAL AND ERROR.—*Replevin.*—*Decedents' Estates.*—An appeal by an administrator from a judgment in an action in replevin is not governed by §§2609, 2610 Burns 1894, relating to decedents' estates, where it was not a case growing out of a matter connected with the estate. *p. 119.*

VERDICT.—*Special Findings.*—*Practice.*—Where a general verdict was returned for plaintiff in an action in replevin, and the special findings were so antagonistic that a conclusion of law as to the ownership of the property could not be deducted therefrom, the general verdict must prevail. *p. 120.*

ABATEMENT.—*Pleading.*—No error was committed in sustaining a demurrer to an answer in abatement which alleged facts going to the merits of the cause, and not to its abatement. *p. 120, 121.*

From the Marion Superior Court. *Reversed.*

*W. W. Spencer* and *E. P. Ferris*, for appellant.

*T. M. Clarke* and *C. B. Clarke* for appellees.

HENLEY, J.—This was an action in replevin, and was commenced by appellant to recover property consisting of a gold watch and chain, a phaeton, and a gold nugget. The appellant is the son and administrator of William Sloan, deceased. The appellee Parmenas C. Jacobs is the executor of the will of Mary Sloan, deceased, who was the wife of William Sloan and the mother of appellee Nettie Lowder. Appellee Joseph Lowder is the husband of said Nettie Lowder. Appellees have filed a motion to dismiss the cause, based upon §§2609 and 2610 Burns 1894. Appeals in actions like the case at bar are not governed by these sections. The action was brought by an administrator, and was not a case growing out of a matter connected with a decedent's estate. It is purely a civil proceeding under the code, and does not involve the exercise of probate jurisdiction by the court.

Appellees jointly answered in two paragraphs, the first paragraph being a general denial, the second averring ownership in another person of a part of the property sought to be recovered. The second paragraph of answer was not tested by a demurrer. Appellant replied in general denial. The cause was tried by a jury and a general verdict returned. The verdict was as follows: "We, the jury, find for the plaintiff [appellant], and that he is entitled to the possession of the following articles of personal property named in the complaint, to wit: One watch and chain, value twenty-two and fifty hundredths dollars, one phaeton, valued at twenty-five dollars; and we assess plaintiff's damages for the detention thereof in the sum of one cent; and as to the following articles of personal property named in the complaint, to wit, one gold nugget, value fifteen dollars, we find for the defendant." The jury also found the facts specially by way of answers to interrogatories. Appellees moved for judgment upon the special findings notwithstanding the general verdict. Appellant moved for judgment upon the verdict. The lower court sustained the motion of appellant "as to the watch and chain, and overruled said mo-

tion as to the phaeton." The lower court sustained the motion of appellees for judgment upon the special findings, notwithstanding the general verdict, as to the phaeton, "and overruled said motion as to the watch and chain." The controversy as to the gold nugget seems to have been settled. Judgment was accordingly rendered.

It is the contention of appellant's counsel that the court erred in refusing to render judgment in appellant's favor upon the general verdict as returned by the jury. Interrogatory seventeen and answer thereto was as follows: "At the time of his death, was William Sloan the owner of the watch and chain in controversy? Ans. Yes." This would seem to settle the right of appellant as the legal representative of William Sloan, deceased, to the possession of the watch and chain; and as to the phaeton, we quote interrogatory nineteen, which was as follows: "At the time of his death, was William Sloan the owner of the phaeton in controversy? Ans. Yes." These answers certainly sustain the general verdict. Some of the other findings are antagonistic to the findings set out above. As a conclusion of law to be deduced from the special findings standing alone, the court would not be justified in finding that the ownership of the property belonged to either party to this action. The findings of fact being antagonistic destroy each other and leave the general verdict standing. *Wabash R. Co.* v. *Savage*, 110 Ind. 156; *Gates* v. *Scott*, 123 Ind. 459. If we strike out of the special findings, or do not consider the contradictory statements found therein, there is nothing left which is in irreconcilable conflict with the general verdict. *Peerless Stone Co.* v. *Wray*, 152 Ind. 27.

Appellees have assigned cross-errors questioning the action of the lower court in overruling the demurrer of appellees Lowder and Lowder to the complaint, and in sustaining the demurrer of appellant to appellees' plea in abatement. It is sufficient to say that the complaint avers every material fact necessary to a complaint in replevin; that the answer in

abatement alleges facts which go to the merits of the cause, and not to its abatement.

Cause reversed, with instruction to render judgment upon the general verdict of the jury in favor of appellant.