## DARNELL ET AL. v. THE STATE OF INDIANA.

[No. 21,379.  Filed February 4, 1910.  Rehearing denied April 21, 1910.]

1. TAXATION.—*Omitted Property.*—*Fraudulent Transfers.*—*Plea in Abatement.*—In a suit by the State to set aside an alleged fraudulent conveyance made by a nonresident owner with intent to prevent the State from collecting taxes on omitted property of such owner, proper notice of the suit being given as provided by statute (§322 Burns 1908, Acts 1885 p. 155), a plea in abate-

ment alleging that such owner was a nonresident, that he owned
no property within such State, that the property alleged to have
been fraudulently conveyed was conveyed for the consideration
named in the deed, and that the grantee was a nonresident and
owned no other property in such State during the period men-
tioned, is insufficient. p. 148.

2. PLEADING.—*Carrying back Demurrer to Plea in Abatement and
Sustaining to Complaint.*—A demurrer to a plea in abatement
cannot be carried back and sustained to the complaint. p. 149.

3. REMOVAL OF CAUSES.—*Diverse Citizenship.—Suits by State.*—
A suit by the State against a nonresident property owner for the
collection of taxes on omitted property cannot be removed to the
federal court on the ground of diverse citizenship, the State
not being a citizen. p. 149.

4. REMOVAL OF CAUSES.—*Federal Question.—Collection of Taxes
on Omitted Property.*—A complaint to set aside an alleged fraud-
ulent conveyance and to subject the property conveyed to the
lien of taxes on omitted property belonging to such owner, does
not present any federal question. p. 150.

5. TAXATION.—*Suits for Collection of Taxes on Omitted Property.
—Parties.—State.*—The State is a proper plaintiff in a suit to
collect taxes on omitted property. p. 150.

6. TAXATION.—*Property Owners.—Personal Liability.*—A person
owning property on March 1, of any year, is personally liable for
the taxes due thereon for such year. p. 150.

7. TAXATION.—*Liens.—Debts.—Creditors' Suit.*—A tax constitutes
a debt for which a creditors' suit will lie, the whole of a per-
son's tax constituting a lien upon all property owned by such
person. p. 150.

8. TAXATION.—*Omitted Property.—Nonresident Owners.—Notice.*—
In listing omitted property for taxation, the county auditor is
not required to give notice thereof to a nonresident (§10310
Burns 1908, Acts 1897, p. 141, §1). p. 151.

9. TAXATION.—*Situs of Property.—Shares of Stock.*—Shares of
stock, for the purpose of taxation, are regarded as personal prop-
erty, and are deemed situate at the domicile of the owner. p. 152.

10. TAXATION.—*Subjects of.*—All property, except that which is
devoted to municipal, educational, literary, scientific, religious
and charitable purposes, is subject to taxation. p. 152.

11. TAXATION.—*Resident Corporations.—Capital Stock.*—The capi-
tal stock of a resident corporation is taxable to such corporation
at its principal office; and if it has no principal office within the
State, then such property shall be listed and taxed at any place
in the State where such corporation transacts business. p. 152.

12. CONSTITUTIONAL LAW.—*Interstate Commerce.— Taxation.—
Shares of Stock in Nonresident Corporation.*—Section 10199
Burns 1908, Acts 1899 p. 491, §1, requiring every person to list

for taxation his shares of stock in foreign corporations, is not an invalid discrimination burdening interstate commerce, on the ground that the capital stock of resident corporations is taxed to the corporations themselves and not to the individual owners, such statute imposing no burden upon the importation or sale of such property. p. 153.

13. CONSTITUTIONAL LAW.—*Interstate Commerce.—Taxation.*—Where property has left the channels of commerce and has attained a situs in this State, it is subject to taxation as a part of the property within this State. p. 154.

14. CONSTITUTIONAL LAW.—*Unequal Privileges and Immunities.—Taxation.—Shares of Stock in Nonresident Corporation.*—Section 10199 Burns 1908, Acts 1899 p. 491, §1, requiring every person to list for taxation his shares of stock in nonresident corporations, does not grant unequal privileges and immunities within the meaning of the 14th amendment to the federal Constitution, on the ground that the stock of resident corporations is taxed to the corporations and not to the individual owners. pp. 155, 157.

15. TAXATION.—*Stock in Corporation Organized within, but Property without, this State.*—Shares of stock, owned within this State, of a corporation organized within this State but whose property is without the State, are subject to taxation. p. 156.

16. JUDGMENT.—*Personal.—Nonresidents.—Appearance.*—A personal judgment may be rendered against a nonresident in a suit to collect taxes on omitted property, where he pleaded in abatement of the suit, and subsequently appeared and filed a demurrer to the complaint. p. 157.

17. APPEAL.—*Mandate.—Death.*—Where an appellant dies after submission of an appeal, and before a decision, the rendition of a judgment of affirmance will be entered as of the date of submission. p. 158.

From Marion Circuit Court (16,391); *Henry Clay Allen,* Judge.

Suit by The State of Indiana against Isaac M. Darnell and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

For decision on appeal to United States Supreme Court, see — U. S. —.

*Cockroft & Odle, Charles A. Weathers* and *Joseph H. Cowern,* for appellants.

*James Bingham,* Attorney-General, *D. J. Hefron, M. S. Hawkins* and *Merrill Moores,* for appellee.

MONTGOMERY, J.—This is a suit in equity, brought by the State, in its capacity as a sovereign and as *parens patriae* and trustee for all the people'and the political subdivisions of the State, to recover from Isaac M. Darnell $12,000 for taxes on property omitted from taxation, to set aside a fraudulent conveyance of real estate, to foreclose the State's lien for taxes against such real estate, and for the appointment of a receiver. Emma Darnell voluntarily appeared, and on application was made a party defendant, and thereupon made claim of ownership to certain personal property mentioned in the complaint. This claim, together with the application for a receiver, was submitted to the court upon affidavits. The personal property was awarded to Emma Darnell, and a receiver was appointed to take and hold possession of the real estate in controversy during the litigation.

Appellee's affidavit filed with its complaint was in the language of the provisions of the third subdivision of §322 Burns 1908, Acts 1885 p. 155, and alleged that appellants Isaac M. Darnell and Walter S. Darnell were not residents of this State and that the suit was to enforce a lien upon real estate in Marion county and for the possession of real estate within the State of Indiana. The court, upon this affidavit, ordered the publication of a nonresident notice, as provided for in said section, requiring appellants to appear and answer to the complaint on January 22, 1908. In response to this notice, which was duly given and proof thereof made and filed in the cause, appellants appeared specially, and filed what is termed a ''plea in abatement,'' to which appellee's demurrer, for insufficient facts, was sustained. A petition to remove the cause to the federal court was filed by appellants, which petition was rejected, and thereupon appellants jointly and severally demurred to the complaint, on the grounds that the facts therein alleged were insufficient to constitute a cause of action, and that the court had no jurisdiction over the persons of the defendants or the subject-matter of the action. These demurrers were

overruled, and, appellants declining to plead further, judgment was rendered in favor of the State in accordance with the prayer of the complaint. Motions to modify and to vacate the judgment were subsequently made and severally overruled.

It is averred upon appeal that the court erred: (1) In sustaining appellee's demurrer to the plea in abatement; (2) in denying the application for removal to the federal court; (3) in overruling appellants' demurrer to the complaint; (4) in overruling the motion to vacate the judgment; (5) in overruling the motion to modify the judgment.

The complaint, in brief, alleges that Isaac M. Darnell was a resident of, and maintained his domicile in, the city of Indianapolis, Marion county, Indiana, for each of the years from 1900 to 1907 inclusive, and that during each of said years he was the owner of shares of capital stock in a corporation called I. M. Darnell & Son Company, which was incorporated under the laws of the State of Tennessee, and which had exercised no corporate functions, owned no property and paid no taxes in this State during any of said years, and that the value of the stock owned by said Isaac M. Darnell for each of said years was as follows: 1900, $89,300; 1901, $89,300; 1902, $89,300; 1903, $49,300; 1904, $49,300; 1905, $49,300; 1906, $49,300; 1907, $49,300. That said Isaac M. Darnell unlawfully failed to list said property for taxation for each of said years; that on May 10, 1907, the auditor of Marion county duly placed said property on the tax duplicate of said county, and computed and extended taxes thereon for each of said years, and charged them to said Darnell as taxes on omitted property, to the aggregate amount of $10,568.59, which amount, with delinquent penalties of sixteen per cent thereon, remains upon said duplicate, owing by said Darnell, and is unpaid; that appellant Walter S. Darnell is the son of said Isaac M. Darnell, and for a number of years has managed the business of his father, who is eighty-four years of age; that on March 28,

1907, the taxing officers of Marion county gave notice by registered letter to said Isaac M. Darnell that they intended to and would assert a claim against him for said omitted taxes, which letter and notice were receipted for by said Walter S. Darnell, who then and there had full notice of the contents thereof; that at the time of receiving said notice said Isaac M. Darnell was the owner in fee simple of certain real estate in the city of Indianapolis of the value of $8,500, and thereafter said Isaac M. Darnell, with intent to cheat, hinder and delay appellee, and for the fraudulent purpose of preventing the collection of said indebtedness and taxes due from him, did on April 25, 1907, by warranty deed convey said real estate to said Walter S. Darnell for a stated consideration of $8,500, but in fact no consideration was paid, promised or agreed to be paid for such conveyance; that, for the purpose of defeating the collection of said taxes, said Isaac M. Darnell fraudulently divided and distributed all his property among his children, and since the conveyance of said real estate has had no property subject to execution in this State; that said property is held by Walter S. Darnell in trust for Isaac M. Darnell, and is subject to the lien of the State for the payment of said taxes in full.

The plea in abatement, in substance, alleged that at the commencement of this suit Isaac M. Darnell was not a resident of this State, and owned no property therein;

1. That prior to March 1, 1907, he removed from Indiana, and at the time the alleged assessment was made he was a nonresident of this State, and none of the property assessed was within the State or owned by him; that Walter S. Darnell had no real or personal property in Marion county subject to taxation for the year 1907, and that the purchase and conveyance of said real estate were made for the consideration stated in the deed; that at the time the affidavit was made, upon which the publication of notice

was ordered, neither Isaac M. Darnell nor Walter S. Darnell was a resident or within the jurisdiction of this State.

This plea is clearly insufficient to abate the suit. It is, in effect, a categorical denial of the jurisdiction of the court, and of the truth of material averments of the complaint. The allegation that appellants are nonresidents is of no consequence, since that fact appears from the complaint, and jurisdiction over the cause was acquired in the way provided by statute in such cases. The regularity and sufficiency of the procedure to acquire jurisdiction are not challenged. The denial that the property assessed against Isaac M. Darnell was subject to taxation for the year 1907 goes to the merits, and if true would constitute a partial answer in bar rather than in abatement. The court did not err in sustaining appellee's demurrer to this plea. *Sloan* v. *Lowder* (1899), 23 Ind. App. 118.

It is further contended that the demurrer to the answer in abatement searched the record, and should have been carried back and sustained to the complaint. This view 2. of the law is erroneous. Such a demurrer does not search the record. *State* v. *Roberts* (1906), 166 Ind. 585; *Goldsmith* v. *Chipps* (1900), 154 Ind. 28; *Indiana, etc., R. Co.* v. *Foster* (1886), 107 Ind. 430; *Price* v. *Grand Rapids, etc., R. Co.* (1862), 18 Ind. 137; *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515; 6 Ency. Pl. and Pr. 332.

The petition for removal of the cause to the federal court was rightly denied, for the reasons that there was no diversity of citizenship, or showing that a federal question, 3. or a question arising under the Constitution, laws or treaties of the United States, was involved. A state is not a citizen, and the cause was not removable on the ground of diversity of citizenship. 4 Fed. Stat. Ann. p. 290; *Postal Tel. Cable Co.* v. *Alabama* (1894), 155 U. S. 482, 15 Sup. Ct. 192, 39 L. Ed. 231; *Indiana* v. *Tolleston Club* (1892), 53 Fed. 18; *Indiana, ex rel.,* v. *Alleghany Oil Co.* (1898), 85 Fed. 870.

The complaint did not raise any question arising under the Constitution, laws or treaties of the United States, and the cause was not transferable on such grounds. 4 Fed. Stat. Ann. p. 314; *Arkansas* v. *Kansas, etc., Coal Co.* (1901), 183 U. S. 188, 22 Sup. Ct. 47, 46 L. Ed. 144; *Tennessee* v. *Union, etc., Bank* (1884), 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; *Germania Ins. Co.* v. *Wisconsin* (1886), 119 U. S. 473, 7 Sup. Ct. 260, 30 L. Ed. 461; *Ames* v. *Kansas, ex rel.* (1884), 111 U. S. 449, 4 Sup. Ct. 437, 28 L. Ed. 482.

The capacity of the State to maintain this suit is not challenged by the demurrer, and it is well settled that the courts are open to the State as a litigant, both by virtue of its corporate rights and in its sovereign capacity. *State* v. *Ohio Oil Co.* (1898), 150 Ind. 21, 47 L. R. A. 627. A person owning property on the first day of March is personally liable for the taxes on such property for that year. *Mullikin* v. *Reeves* (1880), 71 Ind. 281; *Funk* v. *State, ex rel.* (1906), 166 Ind. 455.

A tax is a debt, for the collection of which a creditor's bill may be brought. *State* v. *Georgia Company* (1893), 112 N. C. 34, 17 S. E. 10, 19 L. R. A. 485; *Supervisors, etc.,* v. *Durant* (1841), 9 Paige Ch. 182; *People* v. *Weber* (1897), 164 Ill. 412, 45 N. E. 723; *McInerny* v. *Reed* (1867), 23 Iowa 410; *United States* v. *Pacific Railroad* (1877), 4 Dillon 66, Fed. Cas. No. 15,983; *State* v. *Duncan* (1879), 3 Lea (Tenn.) 679.

"The lien of the State for all taxes for state, county, school, road or township purposes, shall attach on all real estate, on the first day of March annually, and such lien shall be perpetual for all taxes due from the owner thereof, which have heretofore accrued or shall hereafter accrue, with interest and penalties in each case until payment; which lien shall in nowise be affected or destroyed by any

sale or transfer of any such real estate." §10343 Burns 1908, Acts 1903 p. 49, §22.

It is further provided that "all the property, both real and personal, situated in any county, shall be liable for the payment of all taxes, penalties, interest and costs charged to the owner thereof in such county," etc. §10344 Burns 1908, Acts 1903 p. 49, §23.

The assessment of omitted property, as shown in the complaint, was made in pursuance of express statutory authority. The pertinent part of the statute reads as follows: "Whenever the county auditor shall discover or receive credible information * * * that any real or personal property has from any cause been omitted in whole or in part, in the assessment of any year or number of years, from the assessment book or from the tax duplicate, he shall proceed to correct the tax duplicate and add such property thereto with the proper valuation, and charge such property and the owner thereof with the proper amount of taxes thereon; to enable him to do which he is invested with all the powers of assessors under this act. But before making such correction or addition, if the person claiming to own such property, or occupying it, or in possession thereof resides in the county, and is not present, he shall give such person notice in writing of his intention to add such property to the tax duplicate, describing it in general terms, and requiring such person to appear before him at his office at a specified time, within five days after giving such notice and show cause, if any, why such property should not be added to the tax duplicate," etc. §10310 Burns 1908, Acts 1897 p. 141, §1. In construing this statute in the case of Buck v. Miller (1897), 147 Ind. 586, 37 L. R. A. 384, 62 Am. St. 436, this court said: "The assessment officer is not required to go outside his own county to give notice to any one of his intention to assess omitted property."

It is provided that all personal property shall be assessed

to the owner in the township, town or city of which he is an inhabitant on the first day of March of the year 9. for which the assessment is made. §10160 Burns 1908, Acts 1903 p. 49, §30. Shares of stock in a corporation are regarded as personal property for the purposes of taxation (*Seward* v. *City of Rising Sun* [1881], 79 Ind. 351), and such shares of stock are deemed situate at the domicile of the owner for the purposes of taxation. *City of Evansville* v. *Hall* (1859), 14 Ind. 27; *Conwell* v. *President, etc.* (1860), 15 Ind. 150; *City of Madison* v. *Whitney* (1863), 21 Ind. 261.

These propositions and citations of law have been made to show that the complaint, *prima facie*, states a cause of action, and its sufficiency is not assailed on the ground 10. of any formal defect, but appellants' chief insistence is that the tax laws of this State are discriminatory against shares of stock in foreign corporations, and for that reason unconstitutional and invalid. "All property within the jurisdiction of this State, not expressly exempted, shall be subject to taxation." §10142 Burns 1908, Acts 1891 p. 199, §3. No property is exempt except that which is devoted to municipal, educational, literary, scientific, religious and charitable purposes, which the Constitution authorizes to be exempted. §193 Burns 1908, §193 R. S. 1881.

"All corporate property, including capital stock and franchises, except where some other provision is made by law, shall be assessed to the corporation as to a natural 11. person in the name of the corporation. The place where its principal office in this State is situated shall be deemed its residence, but if there be no principal office in the State, then such property shall be listed and taxed at any place in the State where the corporation transacts business." §10161 Burns 1908, Acts 1891 p. 199, §12.

In addition to listing and causing all tangible property to be assessed, a domestic corporation, by its president or other proper accounting officer, is required to furnish a

sworn statement showing its name and location, the amount and number of shares of capital stock authorized and paid up, the market value, if any, and if none then the actual value of such stock, and the name and value of franchises owned or enjoyed by the corporation. §10233 Burns 1908, Acts 1903 p. 49, §12.

It is provided by §10234 Burns 1908, Acts 1903 p. 49, that this statement shall be placed before the county board of review, and in all cases where the value of the capital stock exceeds that of the tangible property listed for taxation, such capital stock shall be subject to taxation upon such excess of value.

Section 10199 Burns 1908, Acts 1899 p. 491, §1, requires every person to make out and deliver to the proper assessor a definite statement or schedule of the property held or owned by him, including, among other chattels specified, "all shares in foreign corporations, other than banks [which are covered elsewhere], and their value" and "all shares in other corporations, organized under the laws of this State, when the property of such corporation is not exempt by some law, or is not taxable to the corporation itself, and the cash value of such shares."

A blank form of the schedule for assessing individuals is prescribed by §10202 Burns 1908, Acts 1903 p. 49, §32, and the eighth item under the head of chattels is: "All shares of stock in any corporation formed outside of this State; and also all shares of stock in any corporation formed in this State and conducting its business outside of this State.

Appellants' learned counsel concede that under the decisions of this court shares of stock in a corporation are property separate and distinct from the property of the corporation itself, and that they are the property of the owner and holder of them, and subject to taxation under §10142 supra, unless exempted by some other provision. They contend however that our tax laws wrongfully discriminate in favor of domestic stocks as against shares in a

foreign corporation, and that a resident owning stock in a domestic corporation escapes taxation thereon, while his next-door neighbor owning shares of stock in a foreign corporation is required to pay taxes on his holdings. It is argued that such legislative discrimination is an invalid burden on interstate commerce and in violation of the commerce clause of the Constitution of the United States.

We can scarcely conceive that the framers of the Constitution, in conferring upon congress the power to regulate commerce among the several states, had in contemplation such subjects as shares of stock in a private corporation, which are not sold on the markets in competition with shares of stock in domestic corporations, but whose value must, in any given case, depend upon the personal management, and the financial and other conditions of the particular corporation. We may leave it to the federal courts to decide whether, in the evolution of commercial affairs, such shares of stock may now be regarded as proper articles of interstate commerce, since, upon the facts of this case, we are not required to determine that question. No facts appear to show that the stock involved here had ever been the subject of barter and sale or of commerce, or in any way connected with any interstate transaction. It is alleged that appellant Isaac M. Darnell had resided, and owned and held such stock, in this State for seven years, and said stock had thus acquired a permanent situs and become a part of the property of the state. Our tax law does not purport to deal with holdings of corporate stocks as articles of commerce, and imposes no tax or burden thereon as a condition or incident of importing such property into the State. The tax is authorized only against residents of the State subject to taxation, upon holdings of foreign stocks which have become a constituent part of the property and wealth of the State. It is well settled by the decisions of the Supreme Court of the United States that after property has left the channels of commerce and attained

a situs in a state, it is subject to the taxing power of the state as other property, and the commerce clause of the Constitution can be invoked only to protect such property against unjust discrimination. *Wilton* v. *Missouri* (1875), 91 U. S. 275, 23 L. Ed. 347; *Sturges* v. *Carter* (1885), 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240; *Brown* v. *Houston* (1885), 114 U. S. 622, 5 Sup. Ct. 1091, 29 L. Ed. 257; *Pitisburg, etc., Coal Co.* v. *Bates* (1895), 156 U. S. 577, 15 Sup. Ct. 415, 39 L. Ed. 538; *Kidd* v. *Alabama* (1903), 188 U. S. 730, 23 Sup. Ct. 401, 47 L. Ed. 669; *American Steel, etc., Co.* v. *Speed* (1904), 192 U. S. 500, 24 Sup. Ct. 365, 48 L. Ed. 538; *Wright* v. *Louisville, etc., R. Co.* (1904), 195 U. S. 219, 25 Sup. Ct. 16, 49 L. Ed. 167.

. Appellants cite in support of their contention the case of *I. M. Darnell & Son Co.* v. *City of Memphis* (1908), 208 U. S. 113, 28 Sup. Ct. 247, 52 L. Ed. 413. The court in that decision again declared that property which has moved in the channels of interstate commerce, but which is then at rest in a state, and has become commingled with the mass of property therein, may be taxed by such state without thereby imposing a direct burden upon interstate commerce, provided there is no discrimination against such property, whereby a burden of taxation is imposed on it greater than that levied upon domestic property of like nature. The conclusion was that the disputed tax involved in that case was a direct burden upon interstate commerce, for the reason that the law of Tennessee was discriminatory and imposed a tax upon logs and lumber when brought into that state, which were the products of the soil of other states, and in express terms exempted like property produced from the soil of Tennessee.

It is further argued that the tax law of Indiana in question violates section one of the 14th amendment to the Constitution of the United States, for the reason that it denies appellant Isaac M. Darnell equal privileges and immunities with other citizens, and denies him

14.

the equal protection of the laws. It is conceded that property cannot be singled out and subjected to discriminative burdens at any time because of its foreign origin, and the owner of such property, in its use and enjoyment, is entitled to the equal protection of the laws.

The fallacy in appellants' contention throughout is in the erroneous assumption that the tax law of this State either makes or permits any discrimination against the holder in this State of shares of stock in a foreign corporation. All property, both real and personal, within this State is subject to taxation, except only such as the Constitution authorizes to be exempt because it is devoted to municipal, educational, literary, scientific, religious or charitable purposes. The intent manifest in our tax law is to require all property to contribute *pro rata* its share of taxes, and so far as practicable to avoid double taxation. Domestic corporations are taxed upon all their property. Their tangible property is first listed and assessed in the same manner as like property owned by natural persons, and, in addition, the corporation is required to furnish a statement showing the value of any franchise or other right owned or enjoyed by it, and the market value of the capital stock, and if in any case the value of the capital stock exceeds that of the tangible property, such excess is also assessed to the corporation. The State, in its discretion, might tax the shares of stock in such corporation to the individual owners thereof residing in this State, but it would in a sense be double taxation, and it has not been the policy of this State to do so. Shares of stock in a foreign corporation doing business in another state, owned and held by a resident of this State, are taxed because they have not been and cannot be otherwise taxed by this State. If a corporation organized in this State is engaged in business in another state, and all its tangible property is outside this State, then its shares of stock owned by residents within this State are taxable in the same manner as stock in a

foreign corporation. The fact that the state in which the corporate property may be situated taxes such tangible property, in nowise affects the right of this State to tax its own inhabitants upon all their personal property, including shares of stock in such foreign corporation. The man who resides in a state and enjoys the benefit of its schools, churches, society, highways and other public accommodations, as well as its governmental protection over his person and property, is in no position to complain when required to contribute by taxation ratably upon his property for the maintenance of these institutions and the local government. It is clear to our minds that the tax law of Indiana is not open to the charge of discrimination against stock in foreign corporations, but imposes only just and equal burdens upon all corporate stocks, without regard to the place of incorporating or of conducting the corporate business, and does not violate either the third clause of article 1, §8, or the 14th amendment to the Constitution of the United States, and is accordingly valid. *Wright* v. *Louisville, etc., R. Co., supra; Kidd* v. *Alabama, supra; Georgia R., etc., Co.* v. *Wright* (1906), 124 Ga. 596, 53 S. E. 251; *Georiga R., etc., Co.* v. *Wright* (1906), 125 Ga. 589, 54 S. E. 52; *Greene County* v. *Wright* (1906), 126 Ga. 504, 54 S. E. 951; *Ogden* v. *City of St. Joseph* (1886), 90 Mo. 522, 3 S. W. 25; *Bacon* v. *Board, etc.* (1901), 126 Mich. 22, 85 N. W. 307, 86 Am. St. 524, 60 L. R. A. 321; *Whitaker* v. *Brooks* (1890), 90 Ky. 68, 13 S. W. 355; *San Francisco* v. *Fry* (1883), 63 Cal. 470; *Greenleaf* v. *Board, etc.* (1900), 184 Ill. 226, 56 N. E. 295, 75 Am. St. 168; *Dyer* v. *Osborne* (1876), 11 R. I. 321, 23 Am. Dec. 460.

Appellant Isaac M. Darnell moved that the court strike out the personal judgment rendered against him for the recovery of the amount of taxes found to be due, on the ground that having been served with process by publication only, such judgment was rendered with-

out due process of law. Said appellant having unsuccessfully sought to have the action abated, appeared and filed a demurrer to the complaint. This action on his part constituted a full appearance, and gave the court jurisdiction to render a personal judgment, without reference to the character of the original process. *Kegg* v. *Welden* (1858), 10 Ind. 550; *Hust* v. *Conn* (1859), 12 Ind. 257; *Knight* v. *Lowe* (1860), 15 Ind. 374; *City of Crawfordsville* v. *Hays* (1873), 42 Ind. 200; *Slauter* v. *Hollowell* (1883), 90 Ind. 286; *Gilbert* v. *Hall* (1888), 115 Ind. 549; *Singleton* v. *O'Blenis* (1890), 125 Ind. 151; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 24 L. R. A. 46, 46 Am. St. 402; *McCoy* v. *Stockman* (1897), 146 Ind. 668; *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72; 2 Ency. Pl. and Pr. 635, and authorities cited.

No error was committed in overruling the motion to modify the judgment. No error in the proceedings and record appearing, the judgment is affirmed. The death of appellant Isaac M. Darnell having been brought to our notice, the affirmance will be entered as of the date of submission. §705 Burns 1908, §663 R. S. 1881.